JUDGE KEENAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERESHEVSKY (formerly : Index No.   Civ.
known as Joseph Heller) and ELKA :
SHERESHEVSKY, : **07 CIV 9814**

      Plaintiffs, :   *SUMMONS*

  -against- :

RAN NIZAN, :

      Defendant . :

*To the above-named Defendant:*

  You are hereby summoned and required to serve upon The Abramson Law Group, PLLC, plaintiffs' attorneys, whose address is 570 Lexington Avenue – 23rd floor, New York, New York 10022, an answer to the complaint which is herewith served upon you, within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

           J. MICHAEL McMAHON

           *Clerk of Court*

Dated: NOV 0 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERESHEVSKY (formerly : Index No. '07 Civ. 9814
known as Joseph Heller) and ELKA :
SHERESHEVSKY, :
 :
                        Plaintiffs, : **COMPLAINT**
 :
           -against- :
 :
RAN NIZAN, :
 :
                        Defendant . : **PLAINTIFFS DEMAND JURY TRIAL**

Plaintiffs JOSEPH SHERESHEVSKY (formerly known as Joseph Heller) and ELKA SHERESHEVSKY ("Shereshevskys"), by their attorneys The Abramson Law Group, PLLC, for their Complaint against defendant Ran Nizan ("Nizan"), allege:

PARTIES AND JURISDICTION:

1. Subject matter jurisdiction is based upon the diversity of citizenship of the parties, 28 United States Code Section 1332, the amount in controversy being in excess of $75,000 exclusive of interest and costs.

2. Plaintiffs Shereshevskys are and have been at all material times residents of the State of Virginia, and presently reside at 720 Maury Avenue, Norfolk, Virginia 23517.

3. Defendant Nizan resides in the State of New York at 609 Columbus Avenue, New York, New York 10024.

THE PARTIES' CONTRACT:

4. In or about April, 2001, the parties entered into a contract in the form annexed to this Complaint as Exhibit A ("Contract").

5. Pursuant to paragraph 1 of the Contract the plaintiffs Shereshevskys made a $200,000 cash contribution to defendant Nizan.

6. Pursuant to paragraph 10 of the Contract the Shereshevshkys' $200,000 cash contribution was to be repaid from the first money above existing liens to be received upon the sale or refinance of a 184-unit apartment complex known as Arbor Village Apartments in Indianapolis, Indiana.

7. In or about May, 2001, that covenant in paragraph 10 of the Contract was revised in accordance with an Agreement in the form annexed to this Complaint as Exhibit B signed by plaintiff Elka Shereshevsky, defendant Ran Nizan and Amnon Cohen, to provide that the #200,000 cash contribution was to be repaid to the plaintiffs Shereshevskys from the first money above encumbering liens to be received upon the refinance by PW Funding of a 184-unit apartment complex known as Arbor Village Apartments in Indianapolis, Indiana, then said to be contemplated to close between August and October, 2001, or, in the event the funds to be thus disbursed should prove to be less than $200,000, from other funds available to defendant Nizan.

8. The arrangement thus amended for the repayment of the Shereshevskys' $200,000 cash contribution was at the request of defendant Nizan thereafter several times adjourned and extended.

9. Nevertheless, despite such accommodations by the plaintiffs, defendant Nizan has never repaid any part of the principal of the $200,000 cash contribution which he promised to repay, nor has he paid any interest upon such unpaid principal.

10. By reason of his default in repaying any part of the principal of the plaintiffs' $200,000 cash contribution or any interest thereon, defendant Nizan owes plaintiffs Shereshevskys $200,000 together with interest accrued at the statutory rate, plaintiffs' reasonable attorneys' fees incurred in collecting this defaulted indebtedness, plus costs incurred by plaintiffs in collecting this

defaulted obligation.

### PRAYER

**WHEREFORE**, plaintiffs Joseph and Elka Shereshevsky pray that judgment be entered in their favor and against defendant Ran Nizan in the principal sum of $200,000 with interest thereon at the statutory rate plus plaintiffs' reasonable attorneys' fees incurred in collecting this defaulted indebtedness and the costs incurred by plaintiffs in collecting this defaulted obligation.

Dated: New York, New York
October 31, 2007

*(signature)*

Robert Frederic Martin
(RFM: 4513)
of counsel to
THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff SENARH S. A.
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

4-30-2001 1:39PM      FROM WINTERGREEN*PARK 14024514060          Arbor Village P. 1
04/27/2001  08:32    1-203-778-8479         MEGA SOUND USA       Agreement between: Ran Nizan &
                                                                 PAGE 01  Joe + Elka Heller
Room 228

This agreement dated April 25th, 2001 Between Ran Nizan ("Nizan") and Joe Heller and Elka (Collectively "Heller") whereby both parties acknowledge the following:

1. Nizan through _TAC INVESTMENT LLC_ owns 50% interest in Arbor Village, LLC ("Arbor") a Limited Liability Company that own title to Arbor Village Apartments ("Property"), a 184 unit apartment complex in Indianapolis, Indiana. The remaining 50% interest in Arbor are owned by _Shoshan_, controlled by Shachar _OZ INVESTMENT LLC_
2. Heller wishes to invest money in Property in return for equity interest in Arbor.
3. Property is presently encumbered by approximately $2,600,000 mortgage ("Mortgage") held by First Bank and Trust of Illinois.
4. In addition to Arbor, Mortgage also encumbers Property known as Oxford Terrace Apartments located at 2600 N. Parker, Indianapolis, Indiana.
5. Arbor has applied for a $4,500,000 FHA insured loan from PW funding which will pay off mortgage and provide approximately $2,500,000 of rehab money for property. The loan is in the application stages and has been neither approved nor declined. The loan is anticipated to fund in September or October of 2001.
6. Heller has wired to Arbor a total of $100,000 in cash on April __ and April __ ("Wired Money").
7. The books and records of Property are managed by Property Management Group ("PMG").

Now both parties agree on the following:

1. Heller will make a cash contribution $200,000 ("Equity Contribution") which will consist Wired Money and an additional $100,000 cash contribution. The Money will be wired within 3 business days of the signing of this agreement
2. Nizan will assign to Heller a 15% interest in Arbor
3. Heller will manage the day-to-day operations of the Property.
4. If and When Property reaches 90% economic occupancy for 3 consecutive months, Nizan will assign 10%
5. All funds of Equity Contribution and wired money will be deposited in a separate account at Cole Taylor Bank ("Account").
6. The funds from Equity Contribution can only be used for operating expenses, capital improvements and debt service of Mortgage associated with Property ("Property Expenses"). Any other use of Equity Contribution will require written consent of both parties.
7. If Nizan has spent any portion of Wired Money towards any use other than Property Expenses these funds shall be returned to Account.
8. Heller will write and sign and checks on Account. All checks in excess of $1,000 will require approval of Nizan.
9. Heller will receive a monthly profit and loss report from PMG.
10. In the event of sale or refinance of Property Heller will receive the first $200,000 in excess money above existing liens (Mortgage and other liens if any).
11. Heller not charge any interest payments to Arbor.

EXHIBIT A

12. Within 30 days of the signing of this agreement, Arbor Operating Statement will be amended to reflect this agreement.
13. In Addition, within 30 days of this signed agreement, Nizan undertakes to Amend Operating Statements for Midtown Apartments, LLC and Landsdale Apartment LLC to Reflect Heller's 20% stake in both those properties.
14. Should a dispute arise concerning the interpretation of any articles of this agreement, Amnon Cohen will arbitrate these matter(s). The Arbitration shall be binding.
15. This agreement shall be ratified by Shachar _Shoshani_

Signatures and Notary

_____
Ran Nizan
for Tal Investments

A. Faubel
Notary Public
Fairfield County, State of CT
Comm. Exp 9/34/05

_____
Elka

_____
Soe

EXHIBIT A

## Amendment

This agreement is the first amendment to the agreement dated April ___ between Elka Shereshevsky and Ran Nizan whereby both parties agree:

1. At funding of PW Funding loan to Arbor Village, which is anticipated to be sometime between August and October, Shereshevsky will receive the first $200,000 disbursed above all encumbering liens. In the event disbursed funds are below $200,000, Nizan pledges to return $200,000 to Shereshevsky from other funds.

Agreed to:

_____        _____        _____
Ran Nizan                      Amnon Cohen                    Elka Shereshevsky

EXHIBIT B