UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| JOSEPH SHERESHEVSKY (formerly known as Joseph Heller) and ELKA SHERESHEVSKY, | :  07 Civ. 09814 (JFK) |
| | :  ECF Case |
| Plaintiffs, | : |
| | : |
| -against- | : |
| | : |
| RAN NIZAN, | : |
| | : |
| Defendant. | : |

---------------------------------------------------------------

### AFFIDAVIT OF DEFENDANT RAN NIZAN IN
### SUPPORT OF DEFENDANT'S MOTION TO DISMISS

STATE OF CONNECTICUT          )
                             : ss:
COUNTY OF FAIRFIELD          )

RAN NIZAN, being duly sworn, deposes and says:

1.    I am the named defendant in this action.  I am fully familiar with the facts and circumstances set forth in this affidavit, as well as the allegations set forth in the complaint filed by Plaintiffs Joseph and Elka Shereshevsky ("Plaintiffs").  I make this affidavit in support of my motion to dismiss for lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

2.    I reside in the state of Connecticut, having a current home address at 109 Boulevard Drive, Danbury, Connecticut.  I have lived in Connecticut since 1998.  I have not lived or resided at any address in the state of New York since 1998.

3.      I employ no individuals and have no agents, other than my legal counsel, located or operating in the state of New York.

4.      I do not transact any business within the state of New York, nor have I contracted in other states to supply goods or services in the state of New York.

5.      I do not own, possess, use or occupy real property in the state of New York. My wife Efrat Nizan owns an apartment at 609 Columbus Avenue, New York, New York, in which I have not lived or resided since 1998 and do not have any ownership interest.

6.      The document attached as Exhibit A to the complaint was signed by me in Connecticut on behalf of Tal Investment LLC ("Tal"), a Connecticut limited liability company, of which I am managing member.

7.      The document attached as Exhibit B to the complaint was signed by me in Connecticut on behalf of Tal.

8.      The property, Arbor Village Apartments (the "Property"), that is the subject of the documents attached as Exhibits A and B to the complaint is in Indianapolis, Indiana.

9.      None of the discussions concerning the documents or the Property between myself and plaintiffs occurred in New York.

10.     The document attached as Exhibit B to the complaint refers to the "funding of PW Funding loan to Arbor Village, which is anticipated sometime between August and October [2001]." The funding of the PW Funding loan never occurred, and neither I nor Tal ever excused that this event occur before Tal would owe any obligation to pay $200,000 to Elka Shereshevsky.

11.     I personally was not served in this action. The summons and complaint in this action were brought to my attention by my attorneys.

12.    My attorneys informed me that counsel for plaintiff had claimed that I was properly served with the summons and complaint in this action and another action commenced against me in this Court by a limited liability company owned by plaintiffs, Jassry Properties LLC v. Nizan, No. 08 Civ. 00536 (JSR).  (I am also currently moving to dismiss that action for lack of personal jurisdiction and on other grounds).

13.    Plaintiffs' counsel threatened to seek a default judgment unless my attorneys agreed to accept service on my behalf.  In an abundance of caution, on April 2, 2008, I therefore authorized my counsel in this case, Peter M. Spett, Esq., to accept service on my behalf without waiver of and subject to any and all of my rights and defenses, including, without limitation, my jurisdictional defenses, which I reserved.  My counsel, Mr. Spett, informed me that he received the summons and complaint in this action by mail on May 19, 2008.  Copies of the correspondence between my attorneys and counsel for plaintiff concerning service of process in this action are attached as Exhibit A to this affidavit.

14.    In summary, plaintiff is attempting to force me to defend myself in New York, a state where I have no contacts.

15.    Because I believe that my motion to dismiss has substantial grounds to be granted by this Court and that Plaintiffs' claims are unmeritorious, I respectfully request a stay of discovery in this action (including Rule 26(a) Initial Disclosures) pending resolution of my motion to dismiss in order to avoid unnecessary expense.

16.    I submit that I will promptly and in good faith cooperate with all discovery should this Court see fit to deny my motion to dismiss.

Dated: June 2̲5̲, 2008

_____
Ran Nizan

STATE OF CONNECTICUT      )
                                     : ss:

COUNTY OF FAIRFIELD      )

On June 2̲5̲, 2008, before me personally appeared Ran Nizan, to me known, and known

to me to be the same person described in and who executed the within instrument and he

acknowledged to me that he executed the same.

_____
Notary Public

MARIA DE LURDES G. COSTA
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2013