UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOSEPH SHERESHEVSKY (formerly known as
Joseph Heller) and ELKA SHERESHEVSKY,

                    Plaintiffs,

           -against-

RAN NIZAN,

                  Defendant.

------------------------------------------------------------

:  07 Civ. 09814 (JFK)
:  ECF Case
:
:
:
:
:
:
:
:
:
:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

LAW OFFICE OF PETER M. SPETT
235 West 56th Street, Suite 31M
New York, New York 10019
Telephone: (917) 715-3823
Facsimile: (646) 895-7585

*Attorneys for Defendant Ran Nizan*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................. 1

FACTS.................................................................................................................... 2

ARGUMENT........................................................................................................... 4

   I. NO PERSONAL JURISDICTION EXISTS OVER
      DEFENDANT IN THIS FORUM.................................................................... 4

      A. DEFENDANT IS NOT A NEW YORK DOMICILIARY
         AND DOES NOT DO BUSINESS, OR HAVE A "SYSTEMATIC
         AND CONTINUOUS" PRESENCE, IN NEW YORK SUFFICIENT
         TO PERMIT THIS COURT TO EXERCISE GENERAL JURISDICTION
         UNDER N.Y. CPLR § 301................................................................................ 4

      B. DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION
         IN NEW YORK UNDER N.Y. CPLR § 302...................................................... 6

      C. THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION
         BARS THE EXERCISE OF JURISDICTION OVER DEFENDANT
         IN NEW YORK.................................................................................................. 8

  II. THIS ACTION MUST BE DISMISSED FOR PLAINTIFF'S FAILURE
      TO STATE A CLAIM UPON WHICH RELIEF CAN BE
      GRANTED.......................................................................................................... 9

      A. DEFENDANT IS NOT PARTY TO THE PURPORTED CONTRACT
         ALLEGED TO HAVE BEEN BREACHED.................................................... 9

      B. THE PURPORTED CONTRACT ALLEGED TO HAVE BEEN BREACHED
         DOES NOT SATISFY STATUTE OF FRAUDS REQUIREMENTS..................... 10

      C. JOSEPH SHERESHEVSKY IS NOT PARTY TO THE PURPORTED
         CONTRACT ALLEGED TO HAVE BEEN BREACHED......................... 10

      D. EVEN IF A BINDING AGREEMENT EXISTS BETWEEN THE PARTIES,
         THE COMPLAINT FAILS TO ALLEGE THE OCCURRENCE OR
         EXCUSE OF A CONDITION REQUIRED TO TRIGGER ANY PAYMENT
         OBLIGATION.................................................................................................... 11

III. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF
    DEFENDANT'S MOTIONS............................................................................................ 12

CONCLUSION.................................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**

Aluminal Indus., Inc. v. Newtown Commercial Assocs., 89 F.R.D. 326 (S.D.N.Y. 1980)............ 7

American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376,
    (S.D.N.Y. Feb. 22, 1995) ................................................................................ 12

Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277,
    (S.D.N.Y. March 7, 1996)........................................................................... 12-13

Bank Brussels Lambert v. Fiddler Gozalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999)................ 4

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ...................................... 6

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ............................................. 8

Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209 (S.D.N.Y.1991)...................... 12

Cross & Cross Properties v. Everett Allied Co., 886 F.2d 497 (2d Cir. 1989)...................... 12

Deutche Bank Sec., Inc. v. Montana Bd. of Invs., 850 N.E.2d 1140 (N.Y. 2006) ................... 6

DiStefano v. Carozzi N. A. Inc., 286 F.3d 81 (2d Cir. 2001) ..................................... 4

Flores v. Southern Peru Copper Corp., 00 Civ. 9812(CSH), 2001 WL 396422
    (S.D.N.Y. Apr. 19, 2001)............................................................................ 12-13

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)................................................ 8

Koehler v. Bank of Bermuda Ltd., 101 F.3d 863 (2d Cir.1996)...................................... 4

Lancaster v. Colonial Motor Freight Line, Inc., 581 N.Y.S.2d 283 (N.Y. App. Div. 1992).......... 7

Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039
    (2d Cir. 1990)......................................................................................... 5

Laufer v. Ostrow, 434 N.E.2d 692, 694 (N.Y. 1982) .............................................. 5

Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 (2d Cir. 1981) ............................... 4

Perkins v. Benguet Mining Co., 342 U.S. 437 (1952)............................................... 5

Transport Properties v. ABC Treadco, Inc., 589 F. Supp. 445 (S.D.N.Y. 1984) ................... 12

Transunion Corp. v. Pepsico, Inc., 811 F.2d 127 (2d Cir.1987).................................... 12

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286  (1980) .............................................. 8

**Statutes**

Conn. Gen. Stat. § 34-133(a) (2008)........................................................................... 9

Conn. Gen. Stat. § 52-550 (2008) ............................................................................ 10

N.Y. Gen Oblig. Law 52-550 (2008)......................................................................... 10

N.Y. Civ. Prac. L. & R. § 301 (2008) ......................................................................4-5

N.Y. Civ. Prac. L. & R. § 302(a) (2008)..............................................................4, 6-8

Va. Code § 11-2 (2008).......................................................................................... 10

**Rules**

Fed. R. Civ. P. Rule 12(b)(2) .............................................................................. 1, 4

Fed. R. Civ. P. Rule 26  ..................................................................................... 2, 12

**Treatises**

Restatement (Second) of Contracts § 225 (1981) ........................................................ 11

Restatement (Second) Contracts § 226 (1981) ........................................................... 11

**Constitutional Provisions**

Due Process Clause of the U.S. Constitution.......................................................... 1, 8

## PRELIMINARY STATEMENT

Plaintiffs, who are residents of the state of Virginia, have elected to commence this action before this Court against a citizen of the state of Connecticut alleging a breach of contract involving their investment in Arbor Village Apartments, a property in Indianapolis, Indiana (the "Property"). As demonstrated in this Memorandum of Law and the accompanying Affidavit of Ran Nizan sworn to on June 21, 2008 (hereinafter cited as "Nizan Aff."), this Court lacks personal jurisdiction over defendant. Defendant is not a New York domiciliary and is not subject to this Court's jurisdiction under New York's long-arm statute. The documents attached to the complaint alleged to constitute a "contract" were discussed by defendant in Connecticut and signed by defendant in Connecticut in his role as managing member of Tal Investment LLC ("Tal"), a Connecticut limited liability company. Moreover, defendant has no minimum contacts with the state of New York and therefore the Due Process Clause of the U.S. Constitution bars this Court from exercising jurisdiction over defendant. Accordingly, this action should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Furthermore, even in the unlikely event that this Court determines it has personal jurisdiction over defendant, plaintiffs have failed state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, defendant is not a party to the allegedly breached agreement. As evidenced by the document attached as Exhibit A to the complaint, any agreement with plaintiffs was made with Tal not with defendant, and accordingly the complaint cannot state a claim for breach of contract against defendant. Second, the document attached as Exhibit A to the complaint is not a binding contract, since it fails to satisfy the statute of frauds, whether Connecticut, New York or Virginia law applies. Third, Joseph

Shereshevsky must be dismissed from this action, since he was never a signatory to any document referred to in the complaint or attached to the complaint. Fourth, even assuming a valid contract existed between plaintiffs and defendant, the complaint fails to allege the occurrence of a condition, namely the "funding of PW loan to Arbor Village," which the document attached as Exhibit B to the complaint expressly required to happen before Tal was to pay $200,000 to Elka Shereshevsky. As stated in the affidavit of Ran Nizan, this condition never occurred and neither Tal nor defendant ever excused the occurrence of this condition.

To avoid unnecessary expense in defending an action that defendant believes should never have been brought in this forum, defendant respectfully requests that this Court exercise its discretion to stay all discovery in this case (including Rule 26(a) Initial Disclosures) pending resolution of its motions.

## FACTS

Defendant Ran Nizan is a resident of the state of Connecticut, having a current home address at 109 Boulevard Drive, Danbury, Connecticut. (Nizan Aff. ¶ 2). He has lived in Connecticut since 1998. Id. These facts sworn to by defendant in his affidavit disprove the only jurisdictional allegation made in the complaint, which erroneously alleges that defendant currently lives in an apartment at 609 Columbus Avenue, New York, New York. (Compl. ¶ 3). Defendant has not lived or resided at that address since 1998, nor has he lived or resided at any other address in New York since 1998. (Nizan Aff. ¶¶ 2, 5). That apartment is owned by his wife and defendant has no ownership interest in it. Id.

In addition to not being a domiciliary of New York, defendant does not do any business in New York State. He does not employ any individuals in New York and has no agents, other than his legal counsel, located or operating in the state of New York. (Nizan Aff. ¶ 3). He does

-2-

not transact any business within the state of New York, nor has he contracted in other states to supply goods or services in the state of New York. (Nizan Aff. ¶ 4). He does not own, possess, use or occupy real property in the state of New York. (Nizan Aff. ¶ 5).

The allegations of the complaint entirely refer to documents annexed to plaintiffs' complaint that were discussed and executed in the state of Connecticut by the defendant in his role as managing member of Tal, a Connecticut LLC, concerning the Property in Indianapolis, Indiana. (Nizan Aff. ¶¶ 6-9).

In summary, plaintiffs, who are citizens of Virginia, are attempting to force defendant, a Connecticut citizen, to defend himself in New York, a state where he has no contacts, raising claims concerning a purported contract signed in Connecticut by a Connecticut LLC involving properties in Indianapolis, Indiana. Accordingly, this action should be dismissed for lack of personal jurisdiction over defendant in New York.

Moreover, as further demonstrated in the legal arguments below, the complaint fails to state a claim for breach of contract. Defendant is not a party to the purported contract that the complaint alleges breached. (Nizan Aff. ¶¶ 6-7). As evidenced by the document attached as Exhibit A to the complaint, any agreement made with plaintiffs was with Tal not with defendant, and accordingly the complaint cannot state a claim for breach of contract against defendant. In addition, plaintiffs' claim relies on documents attached to the complaint were never signed by Joseph Shereshevsky, and neither plaintiff signed the document attached as Exhibit A to the complaint. (Compl. Exhs. A and B). Furthermore, even if it were true that a binding contract existed between the parties, the document attached as Exhibit B to the complaint expressly requires the occurrence of a condition, namely the "funding of PW loan to Arbor Village," before Tal would owe any obligation to pay $200,000 to Elka Shereshevsky. (Compl. Exh. B).

Plaintiffs do not allege the occurrence of this condition, because they cannot. The funding of the PW loan to Arbor Village never occurred and neither Tal nor defendant ever excused the occurrence of this condition. (Nizan Aff. ¶ 10). On the basis of all these facts, the complaint should be dismissed with prejudice.

## ARGUMENT

### I.  NO PERSONAL JURISDICTION EXISTS OVER DEFENDANT IN THIS FORUM

Personal jurisdiction in a diversity action is determined by the law of the state in which the court sits. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.1996). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi N.A. Inc., 286 F.3d 81, 84 (2d Cir. 2001) (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)). When the motion is made at the pleading stage without a "full-blown evidentiary hearing," the plaintiff must "make a prima facie showing that the court possesses personal jurisdiction over the defendant." Id., 286 F.3d at 84 (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).

While the complaint alleges that "Defendant Nizan resides in the State of New York at 609 Columbus Avenue, New York, New York 10024" (Compl. ¶ 3), defendant's affidavit accompanying this memorandum shows that this allegation is untrue. (Nizan Aff. ¶¶ 2, 5). Defendant's affidavit demonstrates that this court lacks personal jurisdiction over defendant, since (a) defendant may not be considered a New York domiciliary or "doing business" in New York State under N.Y. CPLR § 301, and (b) defendant, as a non-domiciliary, is not subject to specific jurisdiction in New York under N.Y. CPLR § 302.

-4-

**A.    DEFENDANT IS NOT A NEW YORK DOMICILIARY AND DOES NOT DO BUSINESS, OR HAVE A "SYSTEMATIC AND CONTINUOUS" PRESENCE, IN NEW YORK SUFFICIENT TO PERMIT THIS COURT TO EXERCISE GENERAL JURISDICTION UNDER N.Y. CPLR § 301**

Under New York law, defendant is subject to general personal jurisdiction in New York if he is either a New York domiciliary or is "doing business" in the state. See N.Y. Civ. Prac. L. & R. § 301 (2008) (codifying case law that incorporates "doing business" standard). To meet this standard, plaintiff must show that defendant resides in New York or engages in "continuous, permanent, and substantial activity in New York." Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); see also Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-448 (1952) (holding that general jurisdiction requires "continuous and systematic" contacts between non-resident defendant and forum state); Laufer v. Ostrow, 434 N.E.2d 692, 694 (N.Y. 1982) (holding that jurisdiction under CPLR § 301 based upon the "doing business" standard may only be had if defendant is engaged in " 'such a continuous and systematic course' of activity that it can be deemed to be 'present' in the State of New York" (citations omitted)).

Defendant is an individual who has resided from 1998 through the present in Connecticut and not New York. (Nizan Aff. ¶¶ 3, 6). He does not transact or conduct business in any sense in New York (Nizan Aff. ¶¶ 4, 5), and plaintiffs' complaint does not contain a single allegation suggesting that defendant has the type of "continuous and systematic" contacts with New York required for the assertion of general personal jurisdiction over him in this action. Accordingly, because defendant lacks any regular or continuous contacts with New York, this court has no personal jurisdiction over him under N.Y. CPLR § 301.

### B.    DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION IN NEW YORK UNDER N.Y. CPLR § 302

Specific jurisdiction is governed by New York's long-arm statute, which permits a court to exercise personal jurisdiction over a non-domiciliary who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. Civ. Prac. L. & R. § 302(a) (2008).  Plaintiff has failed to allege any facts that would support exercise of personal jurisdiction by this court over the defendant under any of the above-enumerated circumstances.

"To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York, and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (citing Deutche Bank Sec., Inc. v. Montana Bd. of Invs., 850 N.E.2d 1140, 1142 (N.Y. 2006)).  There must be a nexus or substantial relationship between the claim asserted and the actions that occurred in New York.  Id.  None of the allegations in the

complaint meet these requirements. Plaintiffs do not allege that defendant has transacted any business in New York. Moreover, plaintiffs' claim has no nexus or substantial relationship to defendant's transaction of business in New York. Their claim entirely relates to documents executed by defendant in the state of Connecticut in his role as managing member of Tal. (Nizan Aff. ¶¶ 6, 7). Those concern an investment in the Property located in Indianapolis, Indiana. (Compl. ¶¶ 6, 7; Nizan Aff. ¶ 8).

Plaintiff has also failed to make any allegations in support of the exercise of jurisdiction over defendant pursuant to N.Y. CPLR § 302(a)(2) or (3). The complaint is devoid of any allegation that defendant committed a tort in New York or caused injury to a person or property within New York through an extra-territorial tortious act. Moreover, since plaintiffs are residents of Virginia (Compl. ¶ 2), and the complaint's allegations entirely involve a documents executed by Tal in Connecticut concerning properties located in Indianapolis, Indiana (Compl. ¶¶ 6, 7), any purportedly tortious act or injury caused thereby would have had to occur in Connecticut, Virginia or Indiana.

Lastly, N.Y. CPLR § 302(a)(4) is not applicable, since that provision of the New York's long-arm statute "is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." Aluminal Indus., Inc. v. Newtown Commercial Assocs., 89 F.R.D. 326, 329 (S.D.N.Y. 1980); see also Lancaster v. Colonial Motor Freight Line, Inc., 581 N.Y.S.2d 283, 288 (N.Y. App. Div. 1992) (holding that "even if plaintiff were able through additional discovery, to prove her bare allegation that appellants owned real property in this state, such would not be sufficient under subdivision (a)(4) of the statute to invoke long-arm jurisdiction with respect to

the instant case because that subdivision, too, requires a relationship between the property and the cause of action sued upon").

## C.    THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION BARS THE EXERCISE OF JURISDICTION OVER DEFENDANT IN NEW YORK

The Due Process Clause of the U.S. Constitution allows a court to "exercise personal jurisdiction over a non-resident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts" means that a defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id., 444 U.S. at 297. Essential to the exercise of personal jurisdiction in each case is "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Absent such contacts, asserting jurisdiction would offend traditional notions of fair play and substantial justice. Id., 471 U.S. at 472.

In this action, the only allegation of the complaint concerning defendant's contacts with New York is the untrue assertion that he resides at 609 Columbus Avenue, New York, New York 10024. Defendant's affidavit directly refutes that untrue allegation. Defendant has not resided in New York since 1998 (Nizan Aff. ¶¶ 2, 5), he does not conduct any business of any kind in New York (Nizan Aff. ¶¶ 3, 4), nor does plaintiff allege any cause of action arising out of any activity of defendant in New York (Compl. ¶¶ 4-10).

Accordingly, for all the reasons set forth above, this court lacks personal jurisdiction over defendant and plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II.    THIS ACTION MUST BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.    DEFENDANT IS NOT PARTY TO THE PURPORTED CONTRACT ALLEGED TO HAVE BEEN BREACHED

The complaint alleges a breach of "a contract in the form annexed to this Complaint as Exhibit A" which concerns "a 184-unit apartment complex known as Arbor Village Apartments in Indianapolis, Indiana." (Compl. ¶¶ 4, 6). However, the document attached as Exhibit A to the complaint expressly shows that title to the Arbor Village Apartments was held by Arbor Village, LLC in which Tal, not defendant, held a fifty percent interest. Defendant signed the document annexed to the complaint as Exhibit A "for Tal Investment" in his role as managing member of that limited liability company. He did not and could not sign the document attached as Exhibit A to the complaint in his individual capacity, since it entirely concerns interests held by Tal not by defendant as an individual. Similarly, the document attached as Exhibit B to the complaint entirely concerns interests held by Tal, and not by defendant as an individual. Under the relevant Connecticut statute, a managing member of a Connecticut limited liability company cannot be held personally liable solely based upon allegations as to documents he signed only on behalf of his limited liability company. See Conn. Gen. Stat. § 34-133(a) (2008) (providing in relevant part that "a person who is a member or manager of a limited liability company is not liable, solely by reason of being a member or manager, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, manager, agent or employee of the limited liability company"). Accordingly, for this reason alone, the complaint should be dismissed for failure to state a claim against defendant.

**B.    THE PURPORTED CONTRACT ALLEGED TO HAVE BEEN BREACHED DOES NOT SATISFY STATUTE OF FRAUDS REQUIREMENTS**

The document attached as Exhibit A to the complaint allegedly constituting a "contract" between plaintiffs and defendant does not satisfy the statute of frauds requirement of a "signed" writing, because it contemplates performance of numerous obligations which may not be performed within one year, and does not include either the signatures of plaintiffs nor the signature of defendant in his individual capacity.  This signature requirement exists whether Virginia, Connecticut or New York law applies to this action.  See Va. Code § 11-2 (2008); Conn. Gen. Stat. § 52-550 (2008); N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 2008). Since the document attached as Exhibit A to the complaint does not satisfy the statute of frauds requirements and the document attached as Exhibit B to the complaint is merely ancillary to Exhibit A, the complaint should be dismissed for failure to state a claim for breach of contract.

**C.    JOSEPH SHERESHEVSKY IS NOT PARTY TO THE PURPORTED CONTRACT ALLEGED TO HAVE BEEN BREACHED**

Moreover, plaintiff Joseph Shereshevsky never signed either exhibit attached to the complaint, either in his former or current name, and Exhibit B to the complaint purports to amend an "agreement dated April __ between Elka Shereshevsky and Ran Nizan." (Compl. Exhs. A & B).  Accordingly, because there is no support for the allegation that he entered into any contract with defendant concerning an investment in the Property, Joseph Shereshevsky must be dismissed from this action.

**D.    EVEN IF A BINDING AGREEMENT EXISTS BETWEEN THE PARTIES, THE COMPLAINT FAILS TO ALLEGE THE OCCURRENCE OR EXCUSE OF A CONDITION REQUIRED TO TRIGGER ANY PAYMENT OBLIGATION**

Restatement (Second) of Contracts § 225 (1981), entitled "Effects Of The Non-Occurrence Of A Condition," states the following well-established legal principles:

> (1)    Performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused.

> (2)    Unless it has been excused, the non-occurrence of a condition discharges the duty when the condition can no longer occur.

> (3)    Non-occurrence of a condition is not a breach by a party unless he is under a duty that the condition occur.

Moreover, "an event may be made a condition either by the agreement of the parties or by a term supplied by the court." Restatement (Second) Contracts § 226 (1981).

According to paragraph 7 of the complaint, the purported "contract" between the parties was amended in or about May 2001 by the document annexed as Exhibit B to the complaint. That document, which is the basis of plaintiffs' claim of breach, provides that $200,000 be paid to Elka Shereshevsky "[a]t the funding of PW Funding loan to Arbor Village, which is anticipated sometime between August and October [2001]." (Compl. ¶ 7, Exh. B). It is not alleged in the complaint that the "funding of PW Funding loan to Arbor Village" occurred, and, in fact, this event did not occur. (Nizan Aff. ¶ 10). It is also not alleged in the complaint that the occurrence of this event was either excused by Tal or the defendant, and, in fact, this event was not excuse by either Tal or defendant. (Nizan Aff. ¶ 10). Because plaintiffs' complaint does not

allege the occurrence or excuse of an event that was expressly a precondition for payment of the $200,000 according to Exhibit B, this action must be dismissed for failure to state a claim upon which relief may be granted. See Cross & Cross Properties v. Everett Allied Co., 886 F.2d 497, 502-503 (2d Cir. 1989) (holding that where condition precedent was neither excused nor fulfilled, obligation to pay fee never matured); Transport Properties v. ABC Treadco, Inc., 589 F. Supp. 445, 448 (S.D.N.Y. 1984) (holding that parties' stipulation that sale be made in eighteen month period was a condition precedent and that the defendants' obligation to pay a commission was discharged when the eighteen month period expired).

## III.    DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANT'S MOTIONS

To avoid unnecessary expense in defending an action that defendant believes should never have been brought by plaintiffs in this forum, defendant respectfully requests that this Court exercise its discretion to stay all discovery in this case (including Rule 26(a) Initial Disclosures) pending resolution of its motion to dismiss. District courts have discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. See Fed. R. Civ. P. 26(c); Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir.1987); Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996). Good cause "requires a showing of facts militating in favor of the stay." American Booksellers Ass'n, Inc. v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). Courts in the Southern District of New York hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion "appear[s] to have substantial grounds" or, stated another way, "do[es] not appear to be without foundation in law." Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991); see also Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 94 (S.D.N.Y. Apr. 19, 2001) (power to stay

-12-

initial disclosures "pending resolution of [a] motion to dismiss, if the defendant makes a strong showing that the plaintiff's claim is unmeritorious" (quoting 6 Moore's Federal Practice § 26.22[3][b] at 26-64 (3d ed. 1997)); Anti-Monopoly, 1996 WL 101277, at *2 (good cause "may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss").

## CONCLUSION

For all the reasons set forth in this Memorandum of Law and the accompanying Affidavit of Defendant Ran Nizan in Support of Defendant's Motion to Dismiss, defendant respectfully requests this Court stay discovery in this action pending resolution of defendant's motion to dismiss, and grant an order:

A.   Dismissing plaintiff's complaint in its entirety based upon lack of personal jurisdiction; or

B.   In the alternative, dismissing plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted; and

C.   Granting such other relief as this Court may deem just and proper.

Dated: New York, New York
       June 27, 2008

Respectfully submitted,

LAW OFFICE OF PETER M. SPETT

By:  s/ Peter M. Spett
     Peter M. Spett (PMS-1080)
     235 West 56th Street, Ste. 31M
     New York, New York 10019
     Telephone: (917) 715-3823
     Facsimile: (646) 895-7585

     *Attorneys for Defendant Ran Nizan*

-14-