UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERESHEVSKY (formerly   :   Index No. '07 Civ. 9814
known as Joseph Heller) and ELKA  :
SHERESHEVSKY,                   :
                                :
                   Plaintiffs,  :   **AFFIDAVIT IN OPPOSITION**
                                :
      -against-                 :
                                :
RAN NIZAN,                      :
                                :
_____Defendant . :

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

ROBERT FREDERIC MARTIN deposes:

1.      I am an attorney admitted to the Bar of this court of counsel to The

Abramson Law Group, PLLC, attorneys in this action for plaintiffs Joseph and Elka

Shereshevsky.  I am familiar with the facts and the prior proceedings in this action.  I make this

affidavit in opposition to defendant's motion to dismiss the Complaint (true copy annexed to

these opposition papers as Exhibit A) for alleged lack of personal jurisdiction of the defendant

and the purported failure to state a claim.

2.      As shown in the April 2, 2008 letter of Peter M. Spett, Esq., defendant's

attorney, a copy of which is included in Exhibit A to defendant's moving affidavit, defendant had

duly "authorize[d him] to accept service on [defendant's] behalf," and service was thereafter

made on Mr. Spett under cover of my letter of May 16, 2008, a copy of which was also included

in defendant's Exhibit A.  It is not clear as to why this is not the end of the discussion.

3.      Assuming that there is any more to be said, the Affidavit of Service of

plaintiff's process server, Darryl A. Greene, verified on December 21, 2007, true copy annexed

to this affidavit as Exhibit B, shows that he had made four attempts to deliver the Summons and

Complaint to Apartment 18-R, 609 Columbus Avenue, New York, New York 10025, on

December 6, 8, 11 and 17, 2007, that he then affixed a copy of the papers on the door and

followed up by mailing another copy on December 18, 2007, standard "nail and mail" procedure.

Mister Greene's affidavit of service on defendant of the Complaint in another action verified

March 28, 2008, true copy annexed to this affidavit as Exhibit C, records his conversation with

the concierge of 609 Columbus Avenue to the effect that "the concierge confirmed the address.

Apartment 18-R was listed under Mr. Nizan's wife's name and the concierge also stated Mr.

Nizan lives at this address." It is respectfully submitted that this constitutes prima facie proof of

sufficient service in accordance with New York law and that is all plaintiff need show at this

stage of this litigation prior to discovery.

       4.     In his papers, defendant Nizan advises that he resides at 109 Boulevard

Drive, Danbury, Connecticut, and has not resided at any address in the State of New York, a

contention underscored by pointing out that the 609 Columbus Avenue apartment is owned by

his wife and that he has no ownership interest therein. His argument necessarily confines the

meaning of residence to the concept of domicile, which is not the meaning given it in the New

York case law. Plaintiff will concede that his domicile seems to be in Connecticut, but, as more

fully spelled out in plaintiff's memorandum of law, while one may have only one principal

headquarters or domicile, one may have a number of residences, and it is respectfully submitted

that defendant has not rebutted the prima facie evidence of the process server that his wife's

Apartment 18-R at 609 Columbus Avenue in this City is one of his residences. Indeed, the issue

is not actually "residence," but, under Rule 5(b)(2)(B)(ii), "the person's dwelling or usual place

2

of abode." It is respectfully submitted that defendant has not rebutted the showing that he uses

Apartment 18-R sufficiently (it need only be "sporadically") that it is one of his "abodes."

        5.    Moreover, as shown in the accompanying certificate pursuant to 28 United

States Code Section 1746 of Joseph Shereshevsky, the business transaction prior to and on or

about April 25, 2001, whereby plaintiffs loaned the $200,000 which they seek to recover here

was negotiated at 158 Madison Avenue in this City in the State of New York, which is an

independent basis for personal jurisdiction in this State as spelled out in plaintiff's memorandum

of law.

        6.    Addressing the merits of the Complaint, Nizan or his attorney contends:

> Joseph Shereshevxky, formerly known as Joseph
> Heller, is not a party to the action because he did not
> sign the informal contract in issue in the action or
> its amendment. However, he is clearly named as a
> party together with his wife in the declaration as to
> parties in the initial April 25, 2001 agreement
> (Exhibit A to annexed Exhibit A), and the "Heller"
> as plaintiffs were known then who was to "manage
> the day-to-day operations of the Property" ( id. ¶3)
> and "write and sign checks" (id. ¶8) is certainly
> Joseph not Elka.

> Nizan contends he signed both the April 25, 2001
> original agreement (ibid.) and the amendment of
> unspecified date (Exhibit B to annexed Exhibit A)
> solely on behalf of TAL Investment LLC, although
> it is quite clear that his signature on the amendment
> is not so qualified and is instead his personal
> signature.

> Nizan also contends that any repayment was solely
> conditioned on the closing of the contemplated "PW
> Funding loan" referred to in the amendment.
> However, the initial agreement (Exhibit A to
> annexed Exhibit A, ¶10) provides for repayment "In

the event of sale or refinance of the property,"
which is clearly not limited to the PW Funding
transaction, and in the amendment signed by Nizan
in his personal capacity Nizan further agreed that if
funds from the PW Funding transaction were
insufficient, as they obviously were since the
transaction never happened, "Nizan pledges to
return $200,000 to Shereshevsky from other funds."

Accordingly, defendant's demand that the Complaint be dismissed for failure to state a claim is

without merit.

     **CONCLUSION.**   For the reasons stated herein, in the certificate of plaintiff

Joseph Shershevsky, and plaintiffs' memorandum of law, defendant's motion to dismiss the

Complaint should be denied because he was properly served at his dwelling or usual place of

abode in this State or because the transaction in issue was negotiated in the State of New York,

and because Nizan had in his individual capacity pledged to return the $200,000 to Shereshevsky

from other funds if the sources specified in the contract proved insufficient..

                          Robert Frederic Martin
                             (RFM: 4513)

Sworn to before me this
7th day of July, 2008

ADINA T. GLASS
Notary Public, State of New York
No. 02GL6184211
Qualified in New York County
Commission Expires March 24, 20 12

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOSEPH SHERESHEVSKY (formerly
known as Joseph Heller) and ELKA
SHERESHEVSKY,

                             Plaintiffs,

        -against-

RAN NIZAN,

                        Defendant.

Index No. '07 Civ. 9814

**CERTIFICATE PURSUANT TO
28 UNITED STATES CODE SECTION
1746**

STATE OF NEW YORK   )
                      ) ss.:
COUNTY OF NEW YORK )

        JOSEPH SHERESHEVSKY certifies:

        I am one of the plaintiffs and a party to the informal agreements referred to in the Complaint copies of which are annexed thereto and make this certificate in opposition to defendant's motion to dismiss. In particular, I and not my wife am the "Heller" (our former name) who was to "manage the day-to-day operations of the Property" (Exhibit A to Exhibit A. ¶3) and "write and sign checks" (id. ¶8). I also negotiated the agreement in issue with defendant Nizan. These negotiations took place over a period of time in 2001 and were conducted in offices at 158 Madison Avenue, New York, New York, offices which Nizan used frequently during this period for other purposes, as well.

        I certify under the penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2008

                                _____
                                  Joseph Shereshevsky

JUDGE KEENAN

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>
JOSEPH SHERESHEVSKY (formerly                 :
known as Joseph Heller) and ELKA             :
SHERESHEVSKY,                                :

                          Plaintiffs,     :

           -against-                        :

RAN NIZAN,                                   :
                              :
                  Defendant  :

Index No.     Civ.

**'07 CIV     9814**

*SUMMONS*

*To the above-named Defendant:*

        You are hereby summoned and required to serve upon The Abramson Law Group,

PLLC, plaintiffs' attorneys, whose address is 570 Lexington Avenue – 23rd floor, New York, New

York 10022, an answer to the complaint which is herewith served upon you, within 20 days after the

service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.

                        J. MICHAEL McMAHON

                        *Clerk of Court*

Dated:   NOV 0 8 2007

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH SHERESHEVSKY (formerly known as Joseph Heller) and ELKA SHERESHEVSKY, | : | Index No.        Civ. |
| | : | |
| Plaintiffs, | : | **COMPLAINT** |
| | : | |
| -against- | : | |
| | : | |
| RAN NIZAN, | : | |
| | : | |
| Defendant . : | | **PLAINTIFFS DEMAND JURY TRIAL** |

Plaintiffs JOSEPH SHERESHEVSKY (formerly known as Joseph Heller) and

ELKA SHERESHEVSKY ("Shereshevskys"), by their attorneys The Abramson Law Group,

PLLC, for their Complaint against defendant Ran Nizan ("Nizan"), allege:

### PARTIES AND JURISDICTION:

1.     Subject matter jurisdiction is based upon the diversity of citizenship of the

parties, 28 United States Code Section 1332, the amount in controversy being in excess of $75,000

exclusive of interest and costs.

2.     Plaintiffs Shereshevskys are and have been at all material times residents of

the State of Virginia, and presently reside at 720 Maury Avenue, Norfolk, Virginia 23517.

3.     Defendant Nizan resides in the State of New York at 609 Columbus Avenue,

New York, New York 10024.

### THE PARTIES' CONTRACT:

4.     In or about April, 2001, the parties entered into a contract in the form

annexed to this Complaint as Exhibit A ("Contract").

5.     Pursuant to paragraph 1 of the Contract the plaintiffs Shereshevskys made a

$200,000 cash contribution to defendant Nizan.

EXHIBIT A

6.    Pursuant to paragraph 10 of the Contract the Shereshevshkys' $200,000 cash contribution was to be repaid from the first money above existing liens to be received upon the sale or refinance of a 184-unit apartment complex known as Arbor Village Apartments in Indianapolis, Indiana.

7.    In or about May, 2001, that covenant in paragraph 10 of the Contract was revised in accordance with an Agreement in the form annexed to this Complaint as Exhibit B signed by plaintiff Elka Shereshevsky, defendant Ran Nizan and Amnon Cohen, to provide that the #200,000 cash contribution was to be repaid to the plaintiffs Shereshevskys from the first money above encumbering liens to be received upon the refinance by PW Funding of a 184-unit apartment complex known as Arbor Village Apartments in Indianapolis, Indiana, then said to be contemplated to close between August and October, 2001, or, in the event the funds to be thus disbursed should prove to be less than $200,000, from other funds available to defendant Nizan.

8.    The arrangement thus amended for the repayment of the Shereshevskys' $200,000 cash contribution was at the request of defendant Nizan thereafter several times adjourned and extended.

9.    Nevertheless, despite such accommodations by the plaintiffs, defendant Nizan has never repaid any part of the principal of the $200,000 cash contribution which he promised to repay, nor has he paid any interest upon such unpaid principal.

10.    By reason of his default in repaying any part of the principal of the plaintiffs' $200,000 cash contribution or any interest thereon, defendant Nizan owes plaintiffs Shereshevskys $200,000 together with interest accrued at the statutory rate, plaintiffs' reasonable attorneys' fees incurred in collecting this defaulted indebtedness, plus costs incurred by plaintiffs in collecting this

EXHIBIT A

defaulted obligation.

PRAYER

**WHEREFORE**, plaintiffs Joseph and Elka Shereshevsky pray that judgment be entered in their favor and against defendant Ran Nizan in the principal sum of $200,000 with interest thereon at the statutory rate plus plaintiffs' reasonable attorneys' fees incurred in collecting this defaulted indebtedness and the costs incurred by plaintiffs in collecting this defaulted obligation.

Dated: New York, New York
       October 31, 2007

Robert Frederic Martin
(RFM: 4513)
of counsel to
THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff SENARH S. A.
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

3

EXHIBIT A

4-30-2001 1:39PM    FROM WINTERGREEN PARK 14024514060

04/27/2001  08:32    1-283-778-8479          MEGA SOUND USA

*Room 228* *(handwritten)*

*Arbor Village P. 1* *(handwritten)*
*Agreement between: Ran Nizan &* *(handwritten)*
*PAGE 01   Joe & Elka Heller* *(handwritten)*

This agreement dated April 25th, 2001 Between Ran Nizan ("Nizan") and Joe Heller and Elka (Collectively "Heller") whereby both parties acknowledge the following:

*TAC INVESTMENT LLC (handwritten)*

1. Nizan through ‡ owns 50% interest in Arbor Village, LLC ("Arbor") a Limited Liability Company that own title to Arbor Village Apartments ("Property"), a 184 unit apartment complex in Indianapolis, Indiana. The remaining 50% interest in Arbor are owned by ‡, controlled by Shachar Shoshan *(handwritten: Shoshan)*
   *OZ INVESTMENT LLC (handwritten)*
2. Heller wishes to invest money in Property in return for equity interest in Arbor.
3. Property is presently encumbered by approximately $2,600,000 mortgage ("Mortgage") held by First Bank and Trust of Illinois.
4. In addition to Arbor, Mortgage also encumbers Property known as Oxford Terrace Apartments located at 2600 N. Parker, Indianapolis, Indiana.
5. Arbor has applied for a $4,500,000 FHA insured loan from PW funding which will pay off mortgage and provide approximately $2,500,000 of rehab money for property. The loan is in the application stages and has been neither approved nor declined. The loan is anticipated to fund in September or October of 2001.
6. Heller has wired to Arbor a total of $100,000 in cash on April __ and April __ ("Wired Money").
7. The books and records of Property are managed by Property Management Group ("PMG")

Now both parties agree on the following:

1. Heller will make a cash contribution $200,000 ("Equity Contribution") which will consist Wired Money and an additional $100,000 cash contribution. The Money will be wired within 3 business days of the signing of this agreement
2. Nizan will assign to Heller a 15% interest in Arbor
3. Heller will manage the day-to-day operations of the Property.
4. If and When Property reaches 90% economic occupancy for 3 consecutive months, Nizan will assign 10%
5. All funds of Equity Contribution and wired money will be deposited in a separate account at Cole Taylor Bank ("Account").
6. The funds from Equity Contribution can only be used for operating expenses, capital improvements and debt service of Mortgage associated with Property ("Property Expenses"). Any other use of Equity Contribution will require written consent of both parties.
7. If Nizan has spent any portion of Wired Money towards any use other than Property Expenses these funds shall be returned to Account.
8. Heller will write and sign and checks on Account. All checks in excess of $1,000 will require approval of Nizan.
9. Heller will receive a monthly profit and loss report from PMG.
10. In the event of sale or refinance of Property Heller will receive the first $200,000 in excess money above existing liens (Mortgage and other liens if any).
11. Heller not charge any interest payments to Arbor.

EXHIBIT A
to
EXHIBIT A

12. Within 30 days of the signing of this agreement, *Arbor Operating Statement* will be amended to reflect this agreement.

13. In Addition, within 30 days of this signed agreement, Nizan undertakes t o Amend Operating Statements for Midtown Apartments, LLC and Landsdale Apartment LLC to Reflect Heller's 20% stake in both those properties.

14. Should a dispute arise concerning the interpretation of any articles of this agreement, Amnon Cohen will arbitrate these matter(s). The Arbitration shall be binding.

15. This agreement shall be ratified by Shachar _Shoshani_

Signatures and Notary

_____

Ran Nizan
for Tal Investments

_____
E|Ka

A. Faubel
Notary Public
Fairfield County, State of CT
Comm. Exp 9/3x/05

_____

Soc

EXHIBIT A
to
EXHIBIT A

05/05/2001  13:09    4132081603              PMS                        PAGE  01

## Amendment

This agreement is the first amendment to the agreement dated April ___ between Elka Shereshevsky and Ron Nizan whereby both parties agree:

1.  At funding of PW Funding loan to Arbor Village, which is anticipated to be sometime between August and October, Shereshevsky will receive the first $200,000 disbursed above all encumbering liens. In the event disbursed funds are below $200,000, Nizan pledges to return $200,000 to Shereshevsky from other funds.

Agreed to:

Ran Nizan                    Amnon Cohen              Elka Shereshevsky

EXHIBIT B
to
EXHIBIT A

p. 1

May 04 01 12:50p

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH SHERESHEVSKY (formerly known as
Joseph Heller) and ELKA SHERESJEVSKY,

        Plaintiff(s),

   -against-
RAN NIZAN,
        Defendant(s).
-----------------------------------------------------------X

JUDGE KEENAN
Index No. 07 CIV. 9814

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                S.S.:
COUNTY OF NEW YORK)

      DARRYL A. GREEN, being duly sworn, deposes and says that he is over the age
of eighteen years, is employed by the attorney service, DLS., Inc., and is not a party to this
action.

      That on the 6th day of December 2007, at approximately the time of 7:55 p.m.,
deponent attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFFS
DEMAND JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, Apt. 18-R, New York, NY
10025. No answer was received when deponent the doorbell to apartment 18-R.

      That on the 8th day of December 2007, at approximately the time of 12:09 p.m.,
deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT
PLAINTIFFS DEMAND JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, Apt. 18-R,
New York, NY 10025, again no answer was received when deponent the doorbell to apartment
18-R.

      That on the 11th day of December 2007, at approximately the time of 8:07 a.m.,
deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT
PLAINTIFFS DEMAND JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, Apt. 18-R,
New York, NY 10025, again no answer was received when deponent the doorbell to apartment
18-R.

      That on the 17th day of December 2007, at approximately the time of 8:25 p.m.,
deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT
PLAINTIFFS DEMAND JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, Apt. 18-R,

EXHIBIT B

New York, NY 10025, again no answer was received when deponent the bell and knocked on the door to apartment 18-R.

At that time, therefore, deponent served a true copy of the foregoing papers upon Ran Nizan by firmly affixing same conspicuously on the front door at that address.

That on the 18th day of December 2007, deponent served another copy of the foregoing upon Ran Nizan at 609 Columbus Avenue, Apt. 18-R, New York, NY 10025, by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York.

DARRYL A. GREEN #0866535

Sworn to before me this
21st day of December, 2007

NOTARY PUBLIC

HOWARD DANIEL GOLDMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01GO5062405
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JULY 1, 2010

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JASSRY PROPERTIES LLC,

           Plaintiff(s),

    -against-
RAN NIZAN,
           Defendant(s).
-----------------------------------------------------X
STATE OF NEW YORK  )
                S.S.:
COUNTY OF NEW YORK)

JUDGE RAKOFF
Index No. 08 CV 00536

AFFIDAVIT OF SERVICE

      DARRYL A. GREEN, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS., Inc., and is not a party to this action.

      That on the 26th day of February 2008, at approximately the time of 7:45 p.m., deponent attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025. No answer was received when the concierge called the apartment 18-R and the concierge confirmed the address. Apartment 18-R was listed under Mr. Nizan wife's name and the concierge also stated Mr. Nizan lives at this address.

      That on the 27th day of February 2008, at approximately the time of 7:03 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

      That on the 1st day of March 2008, at approximately the time of 7:24 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

      That on the 8th day of March 2008, at approximately the time of 1:19 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT**

EXHIBIT C

**PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

That on the 11th day of March 2008, at approximately the time of 8:25 a.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

That on the 15th day of March 2008, at approximately the time of 12:09 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

At that time, therefore, deponent served a true copy of the foregoing papers upon Ran Nizan by firmly affixing same conspicuously on the front door at that address, the actual place of residence.

That on the 17th day of March 2008, deponent served another copy of the foregoing upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York.

DARRYL A. GREEN #0866535

Sworn to before me this
28th day of March, 2008

NOTARY PUBLIC

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RA6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERESHEVSKY (formerly    :
known as Joseph Heller) and ELKA    :
SHERESHEVSKY,                       :
                                    :
                    Plaintiffs,     :
                                    :
        -against-                   :
                                    :
RAN NIZAN,                          :
                                    :
                    Defendant  . :

Index No. '07 Civ. 9814 (JFK)
ECF Case

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DISMISSAL OF THE COMPLAINT

THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiffs Joseph and Elka
    Shereshevsky
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: Robert Frederic Martin
            Thomas F. Cohen

July 7, 2008

# CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| FACTS | 1 |
| ARGUMENT | 2 |

**I**    ON THIS MOTION PRIOR TO DISCOVERY PLAINTIFF NEED ONLY SHOW LEGALLY SUFFICIENT ALLEGATIONS OF JURISDICTION OF DEFENDANT'S PERSON ... 2

**II**    DEFENDANT'S ATTORNEY HAS ACCEPTED SERVICE, DEFENDANT HAS A DWELLING OR ABODE IN THIS CITY AND THE TRANSACTION IN ISSUE WAS NEGOTIATED IN THIS CITY AND STATE ... 3

CONCLUSION ... 4

## AUTHORITIES

**Cases:**

*CSC Holdings, Inc.* v. *Fung*, 349 F. Supp.2d 613 (E.D.N.Y. 2004) ... 4

*Hanson* v. *Denckla*, 357 U. S. 235 (1958) ... 5

*Krechmer* v. *Boulakh*, 277 A. D.2d 288, 715 N.Y.S.2d 253 (2d Dep't 2000) ... 4

*McGee* v. *International Life Insurance Co.*, 355 U. S. 220 (1957) ... 5

*Metropolitan Life Insurance Company* v. *Robertson-Ceco Corp.*, 84 F.3d 560 (2nd Cir. 1996) ... 2

*Whitaker* v.*American Telecasting, Inc.*, 261 F.3d 196 (2nd Cir. 2001) ... 2

**Statutes:**

28 United States Code:

    Section 1746 ... 1

**Procedural Statutes and Rules:**

New York Civil Practice Act and Rules:

    Section 302 ... 4

    Section 308 ... 3

Federal Rules of Civil Procedure:

    Rule 5 ... 4

    Rule 12 ... 2

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| JOSEPH SHERESHEVSKY (formerly | : | Index No. '07 Civ. 9814 (JFK) |
| known as Joseph Heller) and ELKA | : | ECF Case |
| SHERESHEVSKY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| RAN NIZAN, | : | |
| | : | |
| _____ Defendant . : | | |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DISMISSAL OF THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to defendant's motion to

dismiss the Complaint.

### FACTS

As alleged in the Complaint (Exhibit A to plaintiff's motion papers), defendant Nizan

has agreed to repay the $200,000 advanced by plaintiffs on or about April 25, 2001, in accordance

with the informal agreements annexed as Exhibits A and B to the Complaint.

Defendant's motion seeks to dismiss the Complaint for alleged lack of personal

jurisdiction of the defendant and failure to state a claim.  As is shown by Exhibit A to defendant's

moving papers, plaintiffs' process server's affidavits of service in this action and in another action

(Exhibits B and C to plaintiffs' papers in opposition to dismissal), and the certificate pursuant to 28

United States Code Section 1746 of plaintiff Joseph Shereshevsky, the Summons and Complaint

were served on defendant's attorney after defendant had authorized him to accept service, the

Summons and Complaint was also served by "nail and mail" at 609 Columbus Avenue, Apartment

18-R, in Manhattan, owned by defendant's wife and known to be a dwelling place or abode of his, the transaction which is the basis of the action was negotiated in offices at 158 Madison Avenue in this City and State, and in the amendment to the contract in issue signed by defendant Nizan in his individual capacity (Exhibit B to Exhibit A to plaintiffs' opposition papers) he pledged to return the $200,000 to Shereshevsky from other funds if the sources specified in the contract proved insufficient.

**ARGUMENT**

**I**

**ON THIS MOTION PRIOR TO DISCOVERY
PLAINTIFF NEED ONLY SHOW LEGALLY
SUFFICIENT ALLEGATIONS OF JURISDICTION
OF DEFENDANT'S PERSON**

Defendant's Rule 12(b)(2) motion has been brought at the threshold of this action before issue has been joined and before any discovery has been had. Accordingly, "[p]rior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction," and the court must "credit [plaintiff's] averments of jurisdictional facts as true." *Metropolitan Life Insurance Company* v. *Robertson-Ceco Corp.*, 84 F.3d 560, 566, 567 (2nd Cir. 1996); "'all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]'" *Whitaker* v.*American Telecasting, Inc.*, 261 F.3d 196, 208 (2nd Cir. 2001) (internal citations omitted throughout). Plaintiff's process server has furnished his affidavit of having made a standard "nail and mail" service at defendant's dwelling or usual place of abode at 609 Columbus Avenue at an apartment concededly owned by his wife. Accordingly the motion must be denied without prejudice to such further proceedings as may be appropriate after

2

discovery.

## II

**DEFENDANT'S ATTORNEY
HAS ACCEPTED SERVICE,
DEFENDANT HAS A DWELLING
OR ABODE IN THIS CITY AND
THE TRANSACTION IN ISSUE
WAS NEGOTIATED IN THIS
CITY AND STATE**

As shown in the April 2, 2008 letter of Peter M. Spett, Esq., defendant's attorney, a copy of which is included in Exhibit A to defendant's moving affidavit, defendant had duly "authorize[d him] to accept service on [defendant's] behalf," and service was thereafter made on Mr. Spett under cover of my letter of May 16, 2008, a copy of which was also included in defendant's Exhibit A. It is not clear as to why this is not the end of the discussion as to personal jurisdiction.

Assuming that there is any more to be said, the Affidavit of Service of plaintiffs' process server, Darryl A. Greene, verified on December 21, 2007, true copy annexed as Exhibit B to plaintiffs' opposition papers, shows that he had made four attempts to deliver the Summons and Complaint to Apartment 18-R, 609 Columbus Avenue, New York, New York 10025, on December 6, 8, 11 and 17, 2007, that he then affixed a copy of the papers on the door and followed up by mailing another copy on December 18, 2007, standard "nail and mail" procedure. CPLR 308(4). Mister Greene's affidavit of March 28, 2008 (Exhibit C to plaintiffs' papers) records his conversation with the concierge of 609 Columbus Avenue to the effect that "the concierge confirmed the address. Apartment 18-R was listed under Mr. Nizan's wife's name and the concierge also stated Mr. Nizan lives at this address."

3

In his papers, defendant Nizan advises that he resides at 109 Boulevard Drive, Danbury, Connecticut, and has not resided at any address in the State of New York, a contention underscored by pointing out that the 609 Columbus Avenue apartment is owned by his wife and that he has no ownership interest therein. His argument necessarily confines the meaning of residence to the concept of domicile, which is not the meaning given it in the New York case law. Plaintiffs will concede that his domicile seems to be in Connecticut, but, while one may have only one principal headquarters or domicile, one may have a number of residences, and it is respectfully submitted that he has not rebutted the evidence of the process server that his wife's Apartment 18-R at 609 Columbus Avenue in this City is one of his residences. Indeed, the issue is not actually "residence," but, under Rule 5(b)(2)(B)(ii), "the person's dwelling or usual place of abode." It is respectfully submitted that he has not rebutted the showing that he uses Apartment 18-R frequently enough that it is one of his "abodes." "An individual may not own, or even spend the majority of his time, at a home that may, nonetheless, be found to constitute a dwelling place or usual place of abode." *CSC Holdings, Inc.* v. *Fung*, 349 F. Supp.2d 613, 618 (E.D.N.Y. 2004). The served party's usage of the abode may have occurred only "sporadically." *Krechmer* v. *Boulakh*, 277 A. D.2d 288, 289, 715 N.Y.S.2d 253 (2d Dep't 2000).

Moreover, as shown in the accompanying certificate of Joseph Shereshevsky, the $200,000 transaction here in issue was negotiated by Joseph Shereshevsky with defendant Nizan at 158 Madison Avenue in this City in the State of New York, which is an independent basis for personal jurisdiction in this State pursuant to CPLR 302(a)(1), which provides that "a court may exercise jurisdiction over any non-domiciliary . . . who in person or through an agent: transacts any business within the state.". All that is required is "some act by which the defendant purposefully

4

avails itself of the privilege of conducting activities within the forum state." *Hanson* v. *Denckla*, 357 U. S. 235, 253 (1958). "It is sufficient for purposes of due process that the suit be based on a contract which had a substantial connection with that State." *McGee* v. *International Life Insurance Co.*, 355 U. S. 220, 223 (1957).

## CONCLUSION

For the reasons stated herein, in the accompanying certificate of Joseph Shereshevsky, and in plaintiffs' attorney's affidavit in opposition to defendant's motion, defendant's motion to dismiss the Complaint should be denied because he was properly served at his dwelling or usual place of abode in this State or because the transaction in issue was negotiated in the State of New York or both, and because in the amendment to the contract in issue signed by defendant Nizan in his individual capacity he pledged to return the $200,000 to Shereshevsky from other funds if the sources specified in the contract proved insufficient. Plaintiff should also be awarded its cost of these motions.

Respectfully submitted,

Robert Frederic Martin
(RFM: 4513)
of counsel to
THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff Jassry Properties LLC
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: Robert Frederic Martin
Thomas F. Cohen

July 7, 2008

5