JUDGE RAKOFF

08 CV 00536

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASSRY PROPERTIES LLC,          :   Index No. '08 Civ.
                                :
                     Plaintiff, :   **COMPLAINT**
                                :
        -against-               :
                                :
RAN NIZAN,                      :
                                :
                     Defendant. :   **PLAINTIFF DEMANDS JURY TRIAL**



Plaintiff JASSRY PROPERTIES LLC ("Jassry"), by its attorneys The Abramson Law Group, PLLC, for its Complaint against defendant Ran Nizan ("Nizan"), alleges:

PARTIES AND JURISDICTION:

1. Subject matter jurisdiction is based upon the diversity of citizenship of the parties, 28 United States Code Section 1332, the amount in controversy being in excess of $75,000 exclusive of interest and costs.

2. Plaintiff Jassry is and has been at all material times a limited liability company organized and existing under the laws of the State of Virginia, and has an office at 999 Waterside Drive, Norfolk, Virginia 23510. The members of Jassry are Joseph & Elka Shereshevsky, residents of Virginia.

3. Defendant Nizan resides in the State of New York at 609 Columbus Avenue, New York, New York 10024.

PRELIMINARY STATEMENT:

4. On or about May 25, 2001, defendant Nizan granted plaintiff Jassry a twenty percent interest in Lansdale Apartments, LLC, owner of Lansdale Apartments at 2713 Azalea Garden Road, Norfolk, Virginia 23513 ("Lansdale").

5. On only one occasion since on or about May 2001, has defendant Nizan

caused issuance of a report of the business operations of Lansdale, an IRS Form K-1. With this one exception, Nizan has failed and failed to cause Lansdale to furnish to Jassry any information with respect to this entity in which Jassry has a twenty percent equity ownership.

6. On no occasion since on or about May, 2001, has Nizan arranged to pay Jassry any dividends or other return on its twenty percent ownership of Lansdale.

7. Upon information and belief Nizan operates and manages and has operated and managed Lansdale as if it were his private fief in which no one else had any interest or claim all to the prejudice of the interest of plaintiff Jassry.

8. Although plaintiff Jassry brings this action solely in its own interest, plaintiff Jassry has made no effort to have this suit brought for Lansdale by its managers because efforts to do so would be futile. Efforts would be futile because, upon information and belief, Lansdale is managed by defendant Nizan and its managers consist of Nizan or others closely allied with him who would not commence actions against himself or themselves under any circumstances nor admit to conversion to his or their personal use of the assets of Lansdale or other failures to properly manage Lansdale in the interest of all of its members, including plaintiff Jassry, as evidenced in material part by Lansdale's failure to furnish to Jassry any financial reports of any kind since Jassry became a twenty-percent owner on or about May 25, 2001, with the one exception referred to in paragraph 5, above.

9. By reason of his position as, upon information and belief, the manager of Lansdale or the controlling person who appointed and controls those who serve as its managers, defendant Nizan owed to plaintiff Jassry the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use his utmost ability to control and manage Lansdale in a

fair, just, honest, and equitable manner in full compliance with all applicable laws in furtherance of the best interests of Lansdale and its members including plaintiff Jassry and not in the furtherance of his own personal interest or benefit.

10. Defendant Nizan breached his duties of loyalty and good faith to Lansdale and its members including plaintiff Jassry by:

> a. Failing to have basic management, accounting and reporting systems in place to protect the assets of Lansdale for the benefit of all of its members rather than in the personal and private interest of defendant Nizan and to assure its compliance with applicable laws including the Internal Revenue Code and its obligations to its members including plaintiff Jassry;
>
> b. Causing or allowing Lansdale to conduct its business in an unsafe, imprudent and unlawful manner; and
>
> c. Causing and permitting application of assets of Lansdale to his personal use without an appropriate accounting to all members including plaintiff Jassry.

FOR A FIRST CLAIM FOR RELIEF

11. Upon information and belief, defendant Nizan has caused and allowed assets of Lansdale to be distributed to himself without accounting to other members including plaintiff Jassry.

12. As a direct consequence of this mismanagement of the financial affairs of Lansdale by Nizan, upon information and belief, plaintiff Jassry has been deprived of its twenty-percent share of Lansdale's distributions improperly distributed by defendant Nizan entirely to or for the benefit of defendant Nizan and has been thereby damaged in an amount to be determined at the trial.

## FOR A SECOND CLAIM FOR RELIEF

13. Upon information and belief, unless restrained by this court, defendant Nizan may attempt to dilute the value of plaintiff Jassry's equity interest by placing a mortgage on the apartment complex which is the sole asset of Lansdale and applying any net proceeds of that mortgage transaction to his own use.

14. Plaintiff Jassry has no adequate remedy at law.

15. Accordingly, to protect the interests of plaintiff Jassry it requires equitable relief including an injunction against defendant Nizan's causing any new encumbrances to be placed on Lansdale's assets, an accounting by defendant Nizan as to any and all funds or other assets of Lansdale which he has received and controls, an attachment of the funds of defendant Nizan, and appointment of a receiver of Lansdale and its assets.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Jassry Properties LLC demands judgment against defendant Ran Nizan:

> For the full share applicable to plaintiff Jassry Properties LLC of the assets and revenues of Lansdale distributed to defendant Ran Nizan by which he has been unjustly enriched;
>
> Extraordinary equitable or injunctive relief as permitted by law and equity including an injunction against defendant Ran Nizan's causing any new encumbrances to be placed on Lansdale's assets, an accounting by defendant Ran Nizan as to any and all funds or other assets of Lansdale which he has received and controls, an attachment of the funds of defendant Ran Nizan, and appointment of a receiver of Lansdale and its assets; and
>
> Awarding to plaintiff Jassry Properties LLC its costs and disbursements of this action, including reasonable attorneys' fees, and accountants' and experts' fees;

     Together with such other and further relief as this court shall deem just, equitable and proper.

Dated: New York, New York
   January 16, 2008

                _____
                Thomas F. Cohen
                (TFC: 9045)
                of counsel to
             THE ABRAMSON LAW GROUP, PLLC
          Attorneys for Plaintiff Jassry Properties LLC
          570 Lexington Avenue – 23rd floor
          New York, New York 10022
          (212) 686-4401