UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| JOSEPH SHERESHEVSKY (formerly known as Joseph Heller) and ELKA SHERESHEVSKY, | 07 Civ. 09814 (JFK) |
| Plaintiffs, | ECF Case |
| -against- | |
| RAN NIZAN, | |
| Defendant. | |

-------------------------------------------------------------

## REPY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

LAW OFFICE OF PETER M. SPETT
235 West 56th Street, Suite 31M
New York, New York 10019
Telephone: (917) 715-3823
Facsimile: (646) 895-7585

*Attorneys for Defendant Ran Nizan*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

I. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT MAY
   EXERCISE PERSONAL JURISDICTION OVER DEFENDANT ........................................ 2

   A. Plaintiffs' Service of Process Does Not Establish Jurisdiction ..................... 2

   B. Plaintiffs' Claims Do Not Arise from Negotiation in New York ................... 3

II. PLAINTIFFS DO NOT DENY THAT THE ALLEGED "INFORMAL
    CONTRACT" FAILS TO MEET STATUTE OF FRAUDS REQUIREMENTS .................... 6

III. DEFENDANT CANNOT BE HELD PERSONALLY LIABLE FOR PLAINTIFFS'
     ALLEGED INVESTMENT IN THE PROPERTY .............................................................. 7

IV. DISCOVERY IN THIS ACTION SHOULD BE STAYED .................................................. 8

    CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

## CASES

Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757 (2d Cir.1983) .................................. 4

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ....................................... 3

Broder v. Cablevision Systems Corp., 418 F.3d 187 (2d Cir. 2005) ............................. 7

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) ..................................... 7

CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613 (E.D.N.Y. 2004) .......................... 2-3

Faherty v. Fender, 572 F. Supp. 142 (S.D.N.Y. 1983) ................................................. 4

Fontanetta v. American Board of Internal Medicine, 421 F.2d 355 (2d Cir. 1970) ....... 4

Johnson v. Ward, 829 N.E.2d 1201 (N.Y. 2005) ......................................................... 4

Krechmer v. Boulakh, 715 N.Y.S.2d 253 (N.Y. App. Div. 2000) .................................. 3

Kreutter v. McFadden Oil Corp., 522 N.E.2d 40 (N.Y. 1988) ...................................... 4

Landoil Resources Corp. v. Alexander & Alexander Services, 918 F.2d 1039 (2d Cir. 1990) ....... 2

Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207 (S.D.N.Y. 1995) .................. 3

McGowan v. Smith, 419 N.E.2d 321 (N.Y. 1981) ..................................................... 3-4

Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100
    (2d Cir. 2006) ....................................................................................................... 3-4

Standard Enterprises, Inc. v. Bag-It, Inc., 673 F. Supp. 1216 (S.D.N.Y. 1987) ............ 2

United Computer Capital Corp. v. Secure Products, L.P., 218 F. Supp. 2d 273
    (N.D.N.Y. 2002) ...................................................................................................... 5

U.S. Mexican Development Corp. v. Condor, No. 91 Civ. 5925, 1992 WL 27179,
    (S.D.N.Y. Feb. 5, 1992) ........................................................................................... 4

Xedit Corp. v. Harvel Industries Corp., 456 F. Supp. 725 (S.D.N.Y. 1978) ................. 5

Z-Rock Communications Corp. v. William A. Exline, Inc., No. C 03-02436, 2004 WL 1771569, at *19 (N.D. Cal. Aug. 6, 2004)..................................................... 3

## **STATUTES**

Conn. Gen. Stat. § 52-550 (2008) ............................................................................. 6

N.Y. Civ. Prac. L. & R. § 302(a)(1) (2008) ...........................................................3-5

N.Y. Gen Oblig. Law 52-550 (2008)......................................................................... 6

Va. Code § 11-2 (2008)............................................................................................. 6

## **RULES**

Fed. R. Civ. P. Rule 5(b)(2)(b)(ii)............................................................................. 2

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................ 6, 7

## **PRELIMINARY STATEMENT**

Plaintiffs' opposition papers neglect to mention that they commenced a related case against defendant on behalf of a Virginia limited liability company in which they claim to be members, Jassry Properties LLC v. Nizan, 08 Civ. 00536 (JSR) (the "Jassry Action"), currently pending before Judge Rakoff. See Paragraph 2 of Affidavit of Peter M. Spett, sworn to on July 14, 2008, in Support of Defendant's Motion to Dismiss ("Spett Aff."). Defendant has also moved to dismiss that action for lack of personal jurisdiction (as well as on other grounds). (Spett Aff. ¶ 3). Plaintiff in that action requested leave to amend its complaint, and Judge Rakoff has ordered plaintiff to amend its complaint by July 29, 2008. (Spett Aff. ¶ 4). Judge Rakoff has also scheduled an evidentiary hearing on August 6, 2008 to determine defendant's motion to dismiss for lack of personal jurisdiction in that action, and has reserved decision on the rest of defendant's motion to dismiss that action pending plaintiff's amendment of its complaint. (Spett Aff. ¶ 5).

For the reasons set forth below and in defendant's prior Memorandum of Law ("Def. Mem."), affidavit of Ran Nizan sworn to on June 21, 2008 ("Nizan Aff."), and the accompanying affidavit of Peter M. Spett sworn to on July 14, 2008 ("Spett Aff."), defendant's motion to dismiss this action should be granted. In the unlikely event that defendant's motion cannot be solely determined on the basis of motion papers, defendant respectfully requests that the Court stay discovery and all proceedings in this action until such time as Judge Rakoff renders a decision on defendant's motion to dismiss the related Jassry Action, since this Court should have the opportunity to give the evidentiary hearing and determination in the related Jassry Action due consideration before permitting this case to proceed any further.

## ARGUMENT

I. **PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT**

    A. **Plaintiffs' Service of Process Does Not Establish Jurisdiction**

In its papers opposing defendant's motion to dismiss, plaintiffs concede that defendant is a non-domiciliary of New York. See Paragraph 4 of the Affidavit of Robert Frederic Martin, sworn to July 7, 2008 ("Martin Aff."); Plaintiffs' Memorandum of Law in Opposition to Dismissal of the Complaint ("Pl. Mem.") at p. 4. Defendant moved out of the apartment at 609 Columbus Avenue, New York, NY in 1998 and has not lived or resided there ever since. (Nizan Aff. ¶¶ 2, 4). Based on inadmissible hearsay evidence of a conversation between the process server and the concierge at 609 Columbus Avenue, plaintiffs nevertheless contend that defendant "resides" at that address. (Martin Aff. ¶¶ 3-4; Pl. Mem. at 2-4). However, when jurisdictional allegations are challenged, the evidence must consist of competent facts; hearsay and legal allegations are insufficient. See Standard Enterprises, Inc. v. Bag-It, Inc., 673 F. Supp. 1216, 1219 (S.D.N.Y. 1987), abrogated on other grounds in Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039 (2d Cir. 1990). Since plaintiffs provide no admissible evidence to support any conclusion that defendant resides at 609 Columbus Avenue, New York, New York, and defendant expressly refutes such a conclusion in his affidavit, the Court should find that no basis for personal jurisdiction exists upon defendant's residence. Id.

Moreover, plaintiffs' arguments and cited authorities as to residency in the context of insufficiency of service of process have no relevance to defendant's motion to dismiss for lack of personal jurisdiction. Cf. Fed. R. Civ. P. Rule 5(b)(2)(b)(ii) (rule for service of process); CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613, 618 (E.D.N.Y. 2004) (making determination on

validity of service of process); Krechmer v. Boulakh, 715 N.Y.S.2d 253 (N.Y. App. Div. 2000) (same). There is no motion before the Court concerning the sufficiency of service of process upon defendant. In this action, defendant's counsel accepted service of process expressly reserving any and all rights to challenge personal jurisdiction. (Nizan Aff. ¶¶ 11-13 & Ex. A). Acceptance of service by New York counsel should not waive the defense of lack of personal jurisdiction. See Z-Rock Communications Corp. v. William A. Exline, Inc., No. C 03-02436, 2004 WL 1771569, at *19 (N.D. Cal. Aug. 6, 2004). Otherwise, any non-resident with a local counsel, as required by the Court's local rules, would be subject to personal jurisdiction. Plaintiffs have provided no authority that counsel's acceptance of service constitutes waiver of personal jurisdiction. Id. Accordingly, plaintiffs' factual and legal contentions about service of process in this action do not and should not give rise to any legal inferences or conclusions concerning whether this Court has personal jurisdiction over defendant.

### B. Plaintiffs' Claims Do Not Arise from Negotiation in New York

The only legal basis cited by plaintiffs for this Court's exercise of personal jurisdiction over defendant is section 302(a)(1) of N.Y. Civil Practice Laws and Rules. (Pl. Mem. at 4-5). Personal jurisdiction under section 302(a) (1) of New York's long-arm statute requires not only that the defendant transact business in the state, but that the complaint's causes of action arise from the in-state transactions. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007); Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 212 (S.D.N.Y. 1995). "[A] claim 'arises from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted'." Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 103 (2d Cir.2006) (quoting McGowan v. Smith, 419 N.E.2d

321 (N.Y. 1981) and Kreutter v. McFadden Oil Corp., 522 N.E.2d 40 (N.Y. 1988)).

Further, a connection that is "merely coincidental" is insufficient to support jurisdiction. Johnson v. Ward, 829 N.E.2d 1201, 1203 (N.Y. 2005). Where the alleged injuries sustained and the resulting claims made in a complaint only bear an attenuated connection to the New York conduct upon which a plaintiff attempts to premise jurisdiction, they cannot be characterized as having "arisen from" such New York activity under CPLR 302(a)(1). See, e.g., U.S. Mexican Development Corp. v. Condor, No. 91 Civ. 5925, 1992 WL 27179, at *3-*5 (S.D.N.Y. Feb. 5, 1992) (holding defendant not subject to personal jurisdiction in New York even though contract between parties was negotiated and executed in New York, because complaint's alleged malpractice claims would have resulted from defendant's negligence in Texas); Faherty v. Fender, 572 F. Supp. 142, 145-148 (S.D.N.Y. 1983) (holding that even if defendant, a Texas resident, conducted substantial negotiations in New York with plaintiffs for oil and gas exploration agreements, plaintiff's causes of action based on those agreements arose from acts that occurred in Texas, and the court therefore did not have personal jurisdiction under the New York long-arm statute); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 763-764 (2d Cir.1983) (plaintiffs' declaratory judgment action that they were not infringing on defendant's trademarks did not arise from her New York business activities); Fontanetta v. American Board of Internal Medicine, 421 F.2d 355, 358-59 (2d Cir. 1970) (plaintiff's claim arose from his failure to pass oral medical boards administered in Pennsylvania and Missouri, not the administration of the written exam in New York).

Based on a new jurisdictional allegation not made in his original complaint but now raised for the first time in the declaration of Joseph Shereshevsky, plaintiffs claim that "the agreement in issue" was allegedly negotiated "over a period of time in 2001 . . . in offices at 158

Madison Avenue, New York, New York." See Certificate of Joseph Shereshevsky dated June 7, 2008 attached to the Martin Affidavit. Plaintiffs do not offer any documents or tangible evidence to support this conclusory assertion. In his affidavit, defendant states that no discussions took place in New York concerning the documents attached to the complaint that are alleged by plaintiffs to be "the informal contract in issue" or the Property that is the subject of any such alleged "informal contract." (Nizan Aff. ¶ 9; Martin Aff. ¶ 6). However, even assuming it were true that the parties negotiated an "informal contract in issue" at offices located at 158 Madison Avenue, New York, New York, the fact that this alleged occurrence took place there would have been merely coincidental and does not comprise a sufficient nexus to the causes of action in the complaint against defendant for an agreement entirely relating to an investment in the Property in Indianapolis, Indiana between residents of Connecticut and Virginia. Any such meeting or meetings in New York would relate only indirectly to plaintiffs' claims against defendant, "representing mere link[s] in the chain of events leading to the claim[s] for which relief is sought." Xedit Corp. v. Harvel Industries Corp., 456 F. Supp. 725, 729 (S.D.N.Y. 1978); see also United Computer Capital Corp. v. Secure Products, L.P., 218 F. Supp. 2d 273, 278-279 (N.D.N.Y. 2002). Plaintiffs' cause of action does not arise out of the negotiation in New York, but rather alleges a breach of an "informal contract" by defendant (assuming such a claim could even be legally recognized as argued in Point II below) that occurred in either Virginia, Indiana or Connecticut. Accordingly, plaintiffs' contention that personal jurisdiction over defendant arises from the section 302(a)(1) of the New York long-arm statute must be rejected.[1]

---

[1] As submitted in the Preliminary Statement, supra, in the event this Court cannot determine defendant's motion to dismiss on the briefs and affidavits submitted in this case to date, defendant respectfully requests that the Court await the evidentiary hearing and determination of Judge Rakoff in the Jassry Action before further consideration of the motion to dismiss in this case.

5

II.     **PLAINTIFFS DO NOT DENY THAT THE ALLEGED "INFORMAL CONTRACT" FAILS TO MEET STATUTE OF FRAUDS REQUIREMENTS**

Plaintiffs' allegation of the formation of "a contract in the form" of a document attached as exhibit A to their complaint and claim of the existence of an "informal contract" in their opposition to defendant's motion do not meet the signed writing requirement of the statute of frauds. (Compl. ¶ 2; Martin Aff. ¶ 6). Plaintiffs do not and cannot allege that a formal signed written contract was ever reached between the parties, nor do they deny that the statute of frauds is applicable to the alleged agreement at issue. See Va. Code § 11-2 (2008); Conn. Gen. Stat. § 52-550 (2008); N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 2008).

With respect to defendant's Rule 12(b)(6) motion, two matters cannot be disputed. First, the document attached as exhibit A to the complaint was not signed by either plaintiff. Second, the document attached as exhibit A to the complaint is not a true integrated and complete contract but rather, as conceded by plaintiffs, an unsigned "informal contract." (Compl. ¶ 2, Martin Aff. ¶ 6). Because neither the document attached as exhibit A to the complaint nor any related alleged oral discussions between the parties meet statute of frauds legal requirements, plaintiffs cannot possibly maintain a breach of contract against defendant as a matter of law.

Furthermore, the document entitled "Amendment" attached as exhibit B to the complaint is not and cannot be a validly existing independent agreement imposing any obligation upon defendant because of, inter alia, failure of consideration, ambiguity, lack of material terms and provisions, etc. Without a valid written agreement to amend, the document attached as exhibit B has no independent legal validity. Accordingly, the complaint should be dismissed for failure to state a claim.[2]

---

[2]Incredibly, plaintiffs also contend without any legal support whatsoever that Joseph Shereshevsky f/n/a Joseph Heller is a party to the alleged "informal contract" when it is apparent

6

### III. DEFENDANT CANNOT BE HELD PERSONALLY LIABLE FOR PLAINTIFFS' ALLEGED INVESTMENT IN THE PROPERTY

It is well-established that "[w]here a plaintiff has 'relied on the terms and effect of a document in drafting the complaint,' and that document is thus 'integral to the complaint,' the Court may consider its contents" in determining a Rule 12(b)(6) motion. Broder v. Cablevision Systems Corp., 418 F.3d 187, 196 (2d Cir. 2005) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). In so doing, the Court need not accept a plaintiff's description of the document's terms, but may review the document and make its own determination. Id.

Thus, even if the exhibits to the complaint comprised a fully integrated written and signed agreement that complied with statute of frauds requirements (and they do not), the language of those documents expressly shows that it was never the parties' intent that defendant be held personally liable for plaintiffs' investment in the Property at issue. Exhibit A to the complaint expressly shows that defendant did not hold any personal interest in Arbor Village, LLC ("Arbor"), the limited liability company that held title to the Property, but that the ownership of Arbor was held fifty percent by Tal Investment LLC ("Tal") and fifty percent by Oz Investment LLC ("Oz"). Plaintiffs cannot and do not claim that their alleged $200,000 equity contribution in the Property was personally guaranteed by defendant. Indeed, the two documents attached as exhibits to the complaint only contemplate a return to plaintiffs of their alleged $200,000 investment upon sale or refinancing of the Property, which could only be accomplished by Arbor through its two members Tal and Oz. In other words, any obligation for the return of plaintiffs' equity contribution upon sale or refinancing, as expressed in the documents attached as exhibits to the complaint, could only be owed by Arbor which exclusively controlled the

---

on the face of the exhibits A and B attached to the complaint that he never signed either of those documents signaling his agreement to their terms. Accordingly, plaintiff Joseph Shereshevsky has no standing to state a claim in this case.

Property and its assets. The fact that defendant signed exhibit A to the complaint "for Tal Investments" clearly manifests that it was defendant's intent that he not be personally responsible for the return of any alleged equity contribution made by plaintiffs.

Moreover, if exhibit B had any independent legal validity (and it does not), the provisions in the document only contemplate return of plaintiffs' alleged equity contribution upon the occurrence of the "funding of PW Funding loan." Plaintiffs now concede that "the transaction never happened." (Martin Aff. ¶ 6). As stated in defendant's prior Memorandum of Law, since this condition never occurred, plaintiffs have no claim for the return of their alleged equity contribution. (Def. Mem. at 11-12).

In their opposition papers, plaintiffs claim that the second sentence of the "Amendment" excuses the occurrence of the "funding of PW Funding loan," since it purportedly provides for repayment of plaintiffs' alleged equity contribution "[i]n the event that *disbursed funds* are below $200,000." (Martin Aff. ¶ 6; Ex. B to Complaint (emphasis added)). However, even assuming the "Amendment" to be a valid agreement, the second sentence can only be understood when read in the context of the entire paragraph and clearly imposes an obligation only if and when "funding of the PW Funding loan" has already occurred.

Accordingly, for all the reasons stated above, plaintiffs have not and cannot sustain a claim against defendant, and defendant's motion to dismiss for failure to state a claim should be granted by the Court.

## IV. DISCOVERY IN THIS ACTION SHOULD BE STAYED

Plaintiffs do not argue against a stay of discovery in this action. Accordingly, defendant respectfully requests that all discovery in this action be stayed for the reasons set forth herein and in defendant's prior Memorandum of Law.

## CONCLUSION

For all the reasons set forth in defendant's prior Memorandum of Law, this Reply Memorandum of Law, and the Affidavits of Peter M. Spett and Defendant Ran Nizan in Support of Defendant's Motion to Dismiss, defendant respectfully requests this Court stay discovery in this action pending resolution of defendant's motion to dismiss, and grant an order:

    A.    Dismissing plaintiffs' complaint in its entirety based upon lack of personal jurisdiction; or

    B.    In the alternative, dismissing plaintiffs' complaint in its entirety for failure to state a claim upon which relief can be granted; and

    C.    Granting such other relief as this Court may deem just and proper.

Dated: New York, New York
       July 14, 2008

                      Respectfully submitted,

                      LAW OFFICE OF PETER M. SPETT

                      By: /s/ Peter M. Spett
                            Peter M. Spett (PMS-1080)
                            235 West 56th Street, Ste. 31M
                            New York, New York 10019
                            Telephone: (917) 715-3823
                            Facsimile: (646) 895-7585

                      *Attorneys for Defendant Ran Nizan*